IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JENNIFER L. KING | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. _____ |
| | ) |
| ALLIANCEONE RECEIVABLES | ) |
| MANAGEMENT, INC., and | ) |
| CAPITAL ONE BANK (USA), | ) |
| NATIONAL ASSOCIATION, | )    <u>Jury Trial Demanded</u> |
| | ) |
|     Defendants. | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 USC § 1640(e).

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, and Plaintiff resides here.

### PARTIES

4. Plaintiff Jennifer L. King (hereinafter "Plaintiff") is a natural person who resides in Greene County, Tennessee, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and 15 U.S.C. § 1602(h), and a "cardholder" as that term is defined by 15 U.S.C. § 1602(m).

5. Defendant AllianceOne Receivables Management, Inc. (hereinafter "Defendant AllianceOne") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: CT Corporation System, 800 South Gay Street, Suite 2021, Knoxville, TN 37929-9710.

6. Defendant Capital One Bank (USA), National Association (hereinafter "Defendant Capital One"), is a national association regulated by the Office of the Comptroller of the Currency, a "creditor" as defined by 15 U.S.C. § 1692a(4) and 15 U.S.C. § 1602(f), and a "card issuer" as that term is defined by 15 U.S.C. § 1602(h), and may be served through the following officer of the association: Richard D. Fairbank, Chief Executive Officer, 1680 Capital One Drive McLean, VA 22102.

## FACTUAL ALLEGATIONS

7. Defendants have alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), and a "credit" as that term is defined by 15 USC § 1602(e), namely, an alleged credit card debt owned and/or serviced by Defendant Capital One.

8. After default, Plaintiff's debt was consigned, sold or otherwise transferred to Defendant AllianceOne for collection from Plaintiff.

### *July 25, 2011 Collection Letter*

9. Within one year prior to the filing of this Complaint, on or about July 25, 2011, Defendant AllianceOne sent Plaintiff a collection letter dated July 25, 2011. ***Copy of the July 25, 2011 collection letter filed as Exhibit 1 to Complaint (hereinafter "Doc. 1-1).***

10. The July 25, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and is a communication as defined by 15 U.S.C. § 1692a(2).

11. The July 25, 2011 collection letter stated that the owner of the debt was Defendant Capital One and the amount owed was $888.45.

12. The July 25, 2011 collection letter also stated:

> "Your account has been referred to our office for Collections.
>
> If this has been an oversight on your behalf, mail the balance in full to our office. If you are experiencing financial difficulties, call our office and a representative will assist you in negotiating a suitable arrangement.
>
> . . .
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

13. The July 25, 2011 collection letter was not signed.

***Failure of Defendant AllianceOne to Send a Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication***

14. The July 25, 2011 collector letter was the "initial communication" by Defendant AllianceOne with Plaintiff in connection with collection of the debt.

15. The July 25, 2011 collection letter stated that the creditor for the debt was Defendant Capital One and the balance owed was $888.45

16. Within five days after Defendant AllianceOne sent the July 25, 2011 collection letter to Plaintiff, Plaintiff had not paid the debt.

17. Defendant AllianceOne's July 25, 2011 initial communication, which disclosed the amount allegedly owing, made it impossible to determine from the letter the exact amount owed on that date, given that it referenced additional interest or other charges, without stating any specific amounts, and did not expressly state as of what date the balance owed is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest or other charges.

18. By failing to state the amount due in the July 25, 2011 collection letter, Defendant AllianceOne made a false, deceptive, and misleading representation in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and an unfair means to collect or attempt to collect the alleged debt in violation of 15 U.S.C. § 1692f.

19. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the July 25, 2011 collection letter, and within one year prior to the filing of the original complaint, Defendant AllianceOne failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1) – (5).

### *Failure To Send Periodic Statements When Required*

20. Under TILA, the term "creditor" includes a person who both regularly extends consumer credit for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or by agreement. The term "creditor" also includes

card issuers where the payment of a finance charge is or may be required. 15 U.S.C. § 1602(f).

21. TILA defines "card issuer" as any person who issues a credit card, or the agent of such person with respect to such card. 15 U.S.C. § 1637(b).

22. The credit card issued by Defendant Capital One was issued under an open end consumer credit plan by agreement with Plaintiff, where the payment of a finance charge may be required, and therefore, Defendant Capital One is a "card issuer" as defined by the TILA, and Defendant AllianceOne is an agent of Defendant Capital One for purposes of collection with respect to the card.

23. The TILA requires that the creditor must send a periodic statement at the end of each billing cycle if either a finance charge has been imposed during the cycle, or if there is an outstanding debit or credit balance of more than $1 at the end of the cycle. See, 15 U.S.C. § 1637(b); Reg. Z § 226.5(b)(2)(i).

24. The periodic statement must be mailed or delivered twenty-one (21) days before the due date disclosed on the statement. See, 15 U.S.C. § 1666b(a); Reg. Z § 226.5(b)(2)(ii)(A)(i).

25. The payment due date for a credit card account under an open end consumer credit plan shall be the same day each month. See, 15 U.S.C. § 1637(o)(1); Reg. Z § 226.7(b)(11)(i).

26. If an account is in default, the creditor need not send a periodic statement, if:
    (1) The creditor deems the debt to be uncollectible;
    (2) Delinquency collection proceedings have been instituted;
    (3) The creditor has charged off the account in accordance with loan loss provisions and will not charge any additional fees or interest on the account; or

(4) Furnishing the statement would violate federal law.

See, Reg. Z § 226.5(b)(2)(i).

27. An account is considered "uncollectible" for purposes of § 226.5(b)(2)(i) only when a creditor has ceased collection efforts, either directly or through a third party. See, Official Staff Commentary, § 226.5(b)(2)(i)-3.

28. Creditors institute a delinquency collection proceeding by filing a court action or initiating an adjudicatory process with a third party. Assigning a debt to a debt collector or other third party would not constitute instituting a collection proceeding. See, Official Staff Commentary, § 226.5(b)(2)(i)-3.

29. Both Defendant Capital One and its agent Defendant AllianceOne failed to send Plaintiff a periodic statement twenty-one (21) days before the payment due date in the months of August 2011 through July 2012.

30. During the year prior to the filing of this Complaint, Defendant Capital One had not deemed the debt to be uncollectible as shown by the July 25, 2011 collection letter from Defendant AllianceOne.

31. During the year prior to the filing of this Complaint, Defendant Capital One had not instituted a delinquency collection proceeding.

32. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the amount of any finance charge added to the account during the period, itemized to show the amounts, if any, due to the application of percentage rates and the amount, if any, imposed as a minimum or fixed charge, Defendants violated 15 U.S.C. § 1637(b)(4).

33. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing, where one or more periodic rates may be used to compute the finance charge, each such rate, the range of balances to which it is applicable, and, unless the annual percentage rate (determined under section 1606(a)(2) of this title) is required to be disclosed pursuant to paragraph [§ 1637(b)] (6), the corresponding nominal annual percentage rate determined by multiplying the periodic rate by the number of periods in a year, Defendants violated 15 U.S.C. § 1637(b)(5).

34. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing, where the total finance charge exceeds 50 cents for a monthly or longer billing cycle. or the pro rata part of 50 cents for a billing cycle shorter than monthly, the total finance charge expressed as an annual percentage rate (determined under section 1606(a)(2) of this title), except that if the finance charge is the sum of two or more products of a rate times a portion of the balance, the creditor may, in lieu of disclosing a single rate for the total charge, disclose each such rate expressed as an annual percentage rate, and the part of the balance to which it is applicable, Defendants violated 15 U.S.C. § 1637(b)(6).

35. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the balance on which the finance charge was computed and a statement of how the balance was determined, Defendants violated 15 U.S.C. § 1637(b)(7).

36. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the

outstanding balance owed on the account at the end of the period, Defendants violated 15 U.S.C. § 1637(b)(8).

37. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the date by which, or the period (if any) within which, payment must be made to avoid additional finance charges, Defendants violated 15 U.S.C. § 1637(b)(9).

38. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the address to be used by the creditor for the purpose of receiving billing inquiries from the Plaintiff, Defendants violated 15 U.S.C. § 1637(b)(10).

39. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, including a written statement in the following form: "Minimum Payment Warning: Making only the minimum payment will increase the amount of interest you pay and the time it takes to repay your balance", Defendants violated 15 U.S.C. § 1637(b)(11)(A).

40. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing repayment information that would apply to the outstanding balance of the consumer under the credit plan, including:

    (i) the number of months (rounded to the nearest month) that it would take to pay the entire amount of that balance, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(ii) the total cost to the consumer, including interest and principal payments, of paying that balance in full, if the consumer pays only the required minimum monthly payments and if no further advances are made;

(iii) the monthly payment amount that would be required for the consumer to eliminate the outstanding balance in 36 months, if no further advances are made, and the total cost to the consumer, including interest and principal payments, of paying that balance in full if the consumer pays the balance over 36 months; and

(iv) a toll-free a toll-free telephone number at which the consumer may receive information about accessing credit counseling and debt management services,

Defendants violated 15 U.S.C. § 1637(b)(11)(B).

41. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing the date on which the payment is due or, if different, the date on which a late payment fee will be charged, together with the amount of the fee or charge to be imposed if payment is made after that date, Defendants violated 15 U.S.C. § 1637(b)(12)(A).

42. By failing to mail or deliver a periodic statement to the Plaintiff as required by 15 U.S.C. § 1637(b) during the months of months of August 2011 through July 2012, disclosing if 1 or more late payments may result in an increase in the annual percentage rate applicable to the account, together with the applicable penalty annual percentage rate, Defendants violated 15 U.S.C. § 1637(b)(12)(B).

### *Additional FDCPA Violations by Defendant AllianceOne*

43. Defendant AllianceOne's failure to comply with the requirements of TILA regarding the sending of periodic statements to Plaintiff as an agent of the "card issuer", Defendant

Capital One, was the use of deceptive and misleading representations or means in connection with collection of the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

*Summary*

44. The above-detailed conduct by Defendant Capital One in an effort to collect the debt was a violation of numerous and multiple provisions of TILA including, but not limited to the above-cited provisions of TILA.

45. The above-detailed conduct by Defendant AllianceOne in an effort to collect the debt was a violation of numerous and multiple provisions of the FDCPA and TILA including, but not limited to the above-cited provisions of the FDCPA and TILA.

**TRIAL BY JURY**

46. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692 *et seq.***

47. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48. The foregoing acts and omissions of the Defendants constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

49. As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendants herein.

## COUNT II.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

### 15 U.S.C. §§ 1601 *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

51. The foregoing acts and omissions of the Defendants constitutes numerous and multiple violations of the TILA including, but not limited to each and every one of the above-cited provisions of the TILA, 15 U.S.C. §§ 1601 *et seq.*, with respect to Plaintiff.

52. As a result of the Defendants' violations of the TILA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1640(a)(1); statutory damages in an amount up to $5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1640(a)(3) from the Defendants herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants and for Plaintiff; and

## COUNT II.

## VIOLATIONS OF THE TRUTH IN LENDING ACT

## 15 U.S.C. §§ 1601 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1640(a)(1) against the Defendants and for Plaintiff;

- for an award of statutory damages of $5,000.00 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iii) against the Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1640(a)(3) against the Defendants and for Plaintiff; and

- for such other and further relief as may be just and proper.

07/25/12                                            Respectfully submitted,

**JENNIFER L. KING**

/s/     Alan C. Lee
Alan C. Lee, Esq., BPR #012700
Attorney for Plaintiff
PO Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com