IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JENNIFER KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-CV-314 |
| ) | |
| ALLIANCEONE RECEIVABLES ) | |
| MANAGEMENT, INC., and CAPITAL ONE ) | |
| BANK (USA), NATIONAL ASSOCIATION ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Defendant AllianceOne Receivables Management, Inc. ("AllianceOne") has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [doc. 4]. Plaintiff has not responded to the motion within the time allowed. *See* Fed. R. Civ. P. 6(a), (d); E.D. TN. LR. 7.1(a). Defendant Capital One Bank (USA), National Association ("Capital One") has neither joined in the motion nor opposed it. For the reasons that follow, AllianceOne's motion will be granted, and AllianceOne will be dismissed from this litigation.

I.

*Background*

AllianceOne sent plaintiff a collection letter dated July 25, 2011, on behalf of Capital One. That letter is the subject of this Fair Debt Collection Practices Act ("FDCPA")

and Truth in Lending Act ("TILA") lawsuit, proving in material part,

> As of the date of this letter, you owe $888.45. Your account balance may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor.

[Doc. 1, ex. 1].

The complaint now before the court accuses AllianceOne of violating several provisions of the FDCPA because

> it [is] impossible to determine from the letter the exact amount owed on that date, given that it referenced additional interest or other charges, without stating any specific amounts, and did not expressly state as of what date the balance owed is due or what impact payment of the stated amount would have on the consumer's obligation to pay later-accruing interest or other charges.

[Doc. 1, ¶ 17]. The complaint also alleges that both defendants violated numerous subsections of TILA by failing to mail monthly statements to plaintiff from August 2011 through July 2012.

## II.

*Applicable Legal Standards*

As noted, plaintiff has not contested the motion to dismiss. Although "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought," E.D. TN. LR. 7.2, the court must nonetheless examine the motion to ensure that the sought-after relief is warranted. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The Federal Rules authorize dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a

2

pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). While factual allegations are to be credited, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citing and quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

III.

*Analysis*

A. FDCPA

The July 25 letter from AllianceOne was an "initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). As such, that communication, or a follow-up written notice sent within five days thereafter, was required to contain "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

Plaintiff is incorrect in alleging that AllianceOne's letter did not accurately contain "the amount of the debt." As this court has previously noted,

3

> The requirement that a validation notice correctly state the amount of the debt has produced conflicting judicial opinions. Some courts have held that a validation notice fails to satisfy the statute unless it states the total amount due as of the date the letter is sent and also discloses whether the amount of the debt will increase due to interest. . . . [O]ther courts have held that a validation notice satisfies the statute if it states the total amount of the debt (including interest and any other charges) as of the date the letter is sent.

*Ivy v. Nations Recovery Ctr.*, No. 2:12-CV-037, 2012 WL 2049387, at *1-2 (E.D. Tenn. June 6, 2012) (quoting *Jones v. Midland Funding*, 755 F. Supp. 2d 393, 397 (D. Conn. 2010) (citations and footnote omitted)).

Under either of these approaches, AllianceOne sufficiently disclosed the amount of the debt. The letter states the sum owed as of the date the letter was sent and explains further that the debt "may be periodically increased due to the addition of accrued interest or other charges if so provided in your agreement with your original creditor." AllianceOne complied with § 1692g(a)(1). *See Williams v. OSI Educ. Servs.*, 505 F.3d 675, 679-80 (7th Cir. 2007).

Plaintiff's claim under § 1692e(2)(A) similarly fails. That FDCPA subsection prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including falsely representing the amount of the debt. 15 U.S.C. § 1692e(2)(A). AllianceOne's statement of the debt was not false, deceptive, or misleading. The July 25 letter "set forth the amount of the debt with sufficient clarity and accuracy to comply with the requirements of the statute." *Williams*, 505 F.3d at 680.

4

Plaintiff's claim under § 1692e(10) also fails. That subsection prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10). Again, AllianceOne's statement of the debt was not false or deceptive.

Lastly, plaintiff's claim under § 1692f fails. That section prohibits use of "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f. The wording of the July 25 debt amount disclosure was neither unfair nor unconscionable.

## B. TILA

The complaint also alleges that AllianceOne and Capital One each violated 15 U.S.C. § 1637(b) by failing to transmit monthly account statements to plaintiff. Section 1637(b) imposes its obligation on "creditors." The complaint alleges that Capital One issued the subject credit card and is thus a "card issuer" and a "creditor" under TILA. *See* 15 U.S.C. § 1602(g), (o).

According to the complaint, AllianceOne is also subject to the requirements of § 1637(b) because it is Capital One's agent for the purpose of collection. That is a legal conclusion which the court is not bound to accept.

For § 1637(b) to apply to AllianceOne under an agency theory, there must have been an agreement under which plaintiff could use a line of credit with AllianceOne to pay obligations incurred by use of the credit card. *See Neff v. Capital Acquisitions & Mgmt.*, 352

5

F.3d 1118, 1120 (7th Cir. 2003) (citing 12 C.F.R. pt. 226, Supp. I, ¶ 2(a)(7). The complaint does not allege that AllianceOne granted plaintiff any credit priveleges. Providing support services, as opposed to credit-issuing services, does not make an entity the agent of a "card issuer" under TILA. *See* 12 C.F.R. pt. 226, Supp. I, ¶ 2(a)(7). Plaintiff's TILA claim against AllianceOne must therefore be dismissed.

IV.

*Conclusion*

For the reasons stated herein, plaintiff's complaint fails to state any claim upon which relief can be granted against AllianceOne. An order consistent with this opinion will be entered, dismissing AllianceOne from this case. A separate scheduling order will also be entered, setting for trial plaintiff's claim against Capital One.

ENTER:

s/ Leon Jordan<br>United States District Judge

6