IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JENNIFER L. KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:12-CV-314 |
| | ) | |
| ALLIANCEONE RECEIVABLES | ) | |
| MANAGEMENT, INC., and CAPITAL ONE | ) | |
| BANK (USA), NATIONAL ASSOCIATION | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

By order dated October 5, 2012, the court granted the unopposed motion to dismiss filed by defendant AllianceOne Receivables Management, Inc. Now before the court is the motion for summary judgment [doc. 18] filed by the sole remaining defendant, Capital One Bank (USA), National Association ("Capital One"). Plaintiff has responded to the motion, expressly offering no opposition [doc. 24]. For the reasons that follow, Capital One's motion will be granted, and this case will be dismissed.

I.

*Applicable Legal Standards*

Capital One's motion is brought pursuant to Federal Rule of Civil Procedure 56, which provides in pertinent part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Rule 56(c) requires that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion." This can be done by citation to materials in the record, which include depositions, documents, affidavits, stipulations, and electronically-stored information. Fed. R. Civ. P. 56(c)(1)(A).

The movant must first demonstrate that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party carries that initial burden of showing that there are no genuine issues of material fact in dispute, the non-moving party must then present specific facts demonstrating a genuine issue for trial. *See Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

II.

*Analysis*

Plaintiff owes, or owed, a debt on a Capital One credit card. According to the complaint, Capital One violated 15 U.S.C. § 1637(b) of the Truth in Lending Act ("TILA") by failing to transmit monthly account statements to plaintiff from August 2011 through July 2012. Section 1637(b) requires that a creditor send a statement to its obligor "for each billing cycle at the end of which there is an outstanding balance in that account or with respect to

2

which a finance charge is imposed . . . ."

However, as Capital One points out (and as plaintiff acknowledges at paragraph 26 of her complaint), TILA's Regulation Z provides that a "periodic statement need not be sent for an account . . . if the creditor has charged off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account . . . ." 12 C.F.R. § 226.5(b)(2)(i). Capital One has filed the March 8, 2013 affidavit of its business analyst Ji Mei. That affidavit states that plaintiff's debt was charged off in January 2009 and that no interest or fees have been posted to the account since February 2011.

In response, plaintiff offers only that she has no record of being informed that the debt had been charged off, or that the adding of fees and interest had stopped. Plaintiff goes on to concede, "Based on the her review [sic], Plaintiff, by and through counsel, states that she is not opposed to Capital One's Motion, or an order being entered by the Court granting the motion." [Doc. 24, p.2].

In light of plaintiff's acquiescence, the motion will be granted. Moreover, the court has considered the evidence and authority and finds no genuine issue of disputed material fact. TILA did not require Capital One to send monthly statement to plaintiff between August 2011 and July 2012 because the account had already been charged off and no additional fees or interest were being added to the balance of the debt. For that additional reason, Capital One's motion will be granted.

III.

*Conclusion*

An order consistent with this opinion will be entered.  This civil action will be dismissed.

ENTER:

s/ Leon Jordan  
United States District Judge